IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN T. DEAN,

      Petitioner,

    v.

JEFF LISATH, WARDEN,

      Respondent.

CASE NO. 2:15-CV-02885
JUDGE MICHAEL H. WATSON
Magistrate Judge Elizabeth P. Deavers

ORDER and
REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition,* Respondent's *Motion to Dismiss*, Petitioner's *Response in Opposition*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 7) be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

Petitioner's request for an evidentiary hearing is **DENIED**.

**Facts and Procedural History**

This case involves Petitioner's convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas in Case No. 04CR-2542 on burglary and violation of a protective order, and in Case No. 04CR-2348, on domestic violence and intimidation of a crime victim/witness. (ECF No. 7-1, PageID# 52, 59.) On July 14, 2005, the trial court imposed an aggregate term of eleven years. (PageID# 65-66.) Petitioner did not file an appeal. On June 13, 2007, Petitioner filed a *Motion for Modification and/or Reduction of Sentence* in the state trial court. (PageID# 67.) On September 12, 2007, the trial court denied Petitioner's motion.

(PageID# 89.)  On May 9, 2012, Petitioner filed a *Motion to Vacate or Suspend Payment of Fine and/or Court Costs*.  (PageID# 93.)  On June 18, 2012, the trial court denied the motion.  (PageID# 102.)  On October 9, 2013, Petitioner filed a *Motion to Correct Jail Time Credit*.  (PageID# 103.)  On February 18, 2014, the trial court denied the motion.  (PageID# 113.)  Petitioner filed a timely appeal.  (PageID# 116.)  On September 30, 2014, the appellate court affirmed the judgment of the trial court.  (PageID# 155.)  Petitioner did not file a timely appeal.  On June 23, 2015, he filed a motion for delayed appeal with the Ohio Supreme Court.  (PageID# 163.)  On August 26, 2015, the Ohio Supreme Court denied the motion for delayed appeal and dismissed the appeal.  (PageID# 175.)  On February 27, 2015, and March 2, 2015, Petitioner filed an *Application for Judicial Release*.  (PageID# 176.)  On March 24, 2015, the trial court denied Petitioner's motion.  (PageID# 190.)  Represented by the public defender, on March 24, 2015, Petitioner filed a *Motion for Recalculation of Jail-Time Credit*.  (PageID# 193.)  On May 26, 2015, the trial court denied Petitioner's motion.  (PageID# 246.)  On July 8, 2015, Petitioner filed an *Application for Leave to File for Delayed Reconsideration for Good Cause Shown*.  (PageID# 248.)  On September 3, 2015, the appellate court denied Petitioner's application.  (PageID# 298.)  Petitioner filed a timely appeal.  (PageID# 304.)  On December 2, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S. Ct. Prac. R. 7.08(B) (4).  (PageID# 322.)

On October 1, 2015, Petitioner executed the instant habeas corpus petition.  Petitioner asserts that he has been denied due process and equal protection rights to a correct calculation of jail-time credit "when being denied the right to be heard and ability to prove through a meaningful hearing entitlement to said jail-time credit with documentary evidence."  Petition (ECF No. 1, PageID# 3.)  It is the position of the Respondent that this action must be dismissed

as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d), and alternatively, that Petitioner's claim is procedurally defaulted.

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to the terms of 28 U.S.C. § 2244(d) (1) (A), Petitioner's judgment of conviction became final in August 2005, when the time period expired to file an appeal. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 460 (6th Cir. 2012) (citing *Gonzalez v. Thaler*, –––

U.S. ––––, 132 S.Ct. 641, 653–54 (2012)).  The statute of limitations began to run on the following day, and expired one year later, in August 2006.  Under such scenario, plainly, this action is time-barred.  Petitioner did not execute the instant habeas corpus petition until October 1, 2015, more than nine years later.  None of his subsequent motions, the earliest of which he filed in June 2007, would have tolled the running of the statute of limitations, because he filed all such actions after the statute of limitations had already expired.  State collateral actions filed after the statute of limitations has expired do not toll the running of the statute of limitations under 28 U.S.C. § 2244(d) (2).  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not. . . 'revive' the limitations period (*i.e*., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

However, Petitioner indicates that his claim is based on the Ohio Supreme Court's March 6, 2008 decision in *State v. Fugett*, 117 Ohio St.3d 261, 264 (Ohio 2008) ("So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit.")  Petitioner argues that, under *Fugett,* he was entitled to receive 228 days jail-time credit in Case No. 04CR-2542, and he further alleges that the state courts unconstitutionally denied him a hearing on the issue and placed the burden on him to establish his right to the 228 days of jail-time credit.

In view of the nature of this claim, and construing the start date for the running of the statute of limitations under § 2244(d) (1) (D), however, this action remains time-barred.  Under these circumstances, Petitioner could have discovered through due diligence the factual predicate for his claim in 2008, when the Ohio Supreme Court issued its decision in *Fugett*.  Yet,

4

Petitioner did not raise the issue in the state courts until October 2013, again, long after the statute of limitations under this scenario would have already expired. Further, the record fails to establish that equitable tolling of the statute of limitations is appropriate. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that to obtain equitable tolling of the statute of limitations, a petitioner must establish that he has diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing.) (citing *Pace v. DiGuglielmo*, 544 U.S. at 418). The record fails to reflect such circumstances here.

Petitioner argues that application of the one-year statute of limitations violates the Suspension Clause. *Response in Opposition* (ECF No. 8, PageID# 404.) This argument is not persuasive. "Under the Suspension Clause to the United States Constitution, Congress cannot abolish habeas corpus except in situations of rebellion or invasion. U.S. CONST. art. I, § 9, cl. 2." *Birch v. Sherman*, No. 01-CV-74402, 2002 WL 1880398, at *4 (E.D. Mich. July 31, 2002). "The United States Supreme Court has found that habeas legislation violates the Suspension Clause only when it unreasonably 'renders the habeas remedy 'inadequate or ineffective' to test the legality of detention.'" *Id.* (citing *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir.1998) (quoting *Swain v. Pressley*, 430 U.S. 372, 381 (1977), and *United States v. Hayman*, 342 U.S. 205, 223 (1952)). However, "[l]ike every other court of appeals to address the issue, [the United States Court of Appeals for the Sixth Circuit has held that AEDPA's one-year statute of limitations does not improperly suspend the writ of habeas corpus." *Hill v. Dailey*, 557 F.3d 437, 438 (6th Cir. 2009) (citing *Tucker v. Stine*, 31 F. App'x 184, 185 (6th Cir. 2002) (*per curiam*); *Saylor v. Mack*, 27 F. App'x 321, 323 (6th Cir. 2001); accord *Hirning v. Dooley*, 209 F. App'x 614, 615 (8th Cir. 2006) (*per curiam*); *Delaney v. Matesanz*, 264 F.3d 7, 12 (1st Cir. 2001); *Wyzykowski v. Dep't of Corr.,* 226 F.3d 1213, 1217-18 (11th Cir. 2000); *Lucidore v. N.Y.*

*State Div. of Parole*, 209 F.3d 107, 113 (2d Cir. 2000); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (*per curiam*); *Davis v. Bumgarner*, No. 99-6791, 1999 WL 1032617, at *1 (4th Cir. Nov.15, 1999) (*per curiam*); *Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir.1998); *cf. Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

To the extent that Petitioner argues that the one-year statute of limitations does not apply, because his habeas corpus petition should be construed under the provision of 28 U.S.C. § 2241, *see Response in Opposition* (ECF No. 8, PageID# 403-04), this argument likewise fails.  State prisoners may collateral attack either the imposition or execution of their sentences under 28 U.S.C. § 2254, and "indeed, there exists some question whether state prisoners may ever proceed under § 2241."  *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (citing *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003)).  Moreover,  the one-year statute of limitations for the filing of habeas corpus petitions applies equally to those filed under § 2254 and § 2241. *See id.*; *Brock v. Howes*, 96 F. App'x 968, 969 (6th Cir. 2004) (citing *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003); *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000); *Dillon v. Hutchinson*, 82 F. App'x 459 (6th Cir. 2003)).

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 7) be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

Petitioner's request for an evidentiary hearing is **DENIED**.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b) (1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

Date:  May 13, 2016         s/ *Elizabeth A. Preston Deavers*
                            Elizabeth A. Preston Deavers
                            United States Magistrate Judge